UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAWN BRYAN,                                  No. 10-10175

                      Debtor(s).
_____/

DAWN BRYAN,

                      Plaintiff(s),

      v.                                     A.P. No. 13-1151

UNITED STATES OF AMERICA,

                      Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

    Before her Chapter 7 bankruptcy in 2010, debtor Dawn Bryan took a first time home buyer tax credit pursuant to the Housing Recovery Act of 2008 (HERA). The provisions of HERA include a tax credit for first time home buyers. However, the law requires the taxpayer to repay the credit over time. In the years after her bankruptcy, the Internal Revenue Service has reduced the amount of her tax refund by her repayment obligation. In this adversary proceeding, Bryan argues that the tax credit was in essence a loan, and her obligation to repay it was discharged by her bankruptcy. She therefore

1

argues that the reduction of her tax refunds was unlawful. The Government has moved for summary judgment.

As one commentator has noted, the first time home buyer tax credit "contains one last limitation, one that eliminates much of the benefit to taxpayers who use the credit: recapture. For the next fifteen taxable years after the taxpayer uses the [first time home buyer] credit, 6.67 percent of the amount of the credit shall be imposed *as a tax* on the taxpayer."[Footnotes omitted, emphasis added]. Comment, "No Tax for 'Phantom Income': How Congress Failed to Encourage Responsible Housing Consumption with its Recent Tax Legislation," 85 Chi.-Kent L. Rev. 345, 363 (2010).

The crucial fact is that Congress imposed the obligation to repay the credit as a tax. This obligation is codified in 26 U.S.C. § 36(f)(1), which provides that if a home buyer takes the first time home buyer tax credit, "the tax imposed by this chapter shall be increased by 6 2/3 percent of the amount of such credit for each taxable year in the recapture period." Thus, while the new home buyer tax credit is "like a loan" in the sense that it has to be repaid, the obligation to repay is imposed as an increased tax rather than a general obligation. It is therefore not dischargeable pursuant to § 523(a)(1)(A) of the Bankruptcy Code.

For the foregoing reasons, the Government's motion for summary judgment will be granted. It shall submit a form of judgment providing that Bryan take nothing by her complaint and declaring that Bryan's obligation to repay the new home buyer tax credit is a nondischargeable tax.

Dated: February 27, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2